%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

AAMCO Transmissions, Inc.

**DEFENDANTS**

Frank Wirth and Auto Center, LLC

(b) County of Residence of First Listed Plaintiff   Montgomery
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c)  Attorney's (Firm Name, Address, and Telephone Number)
AAMCO Transmissions, Inc., William B. Jameson,
201 Gibraltar Road, Suite 150, Horsham, PA  19044
610-668-2900

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 8 1116

Brief description of cause:
Trademark, Injunction, Breach of Contract

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
6/29/11

SIGNATURE OF ATTORNEY OF RECORD
[signature]

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

**APPENDIX I**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| AAMCO Transmissions, Inc. | : | CIVIL ACTION |
| | : | |
| **v.** | : | |
| | : | |
| Frank Wirth and | : | |
| Auto Center, LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)  Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                    ( )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
      and Human Services denying plaintiff Social Security Benefits                                          ( )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d)  Asbestos – Cases involving claims for personal injury or property damage from
      exposure to asbestos.                                                                                                          ( )

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are
      commonly referred to as complex and that need special or intense management by
      the court. (See reverse side of this form for a detailed explanation of special
      management cases.)                                                                                                            ( )

(f)  Standard Management – Cases that do not fall into any one of the other tracks.          (X)

| | | |
|---|---|---|
| 6/29/11 | _(signature)_ | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-668-2900 | 610-664-5897 | wjameson@cottman.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

**APPENDIX F**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: ___201 Gibraltar Road, Suite 150, Horsham, PA  19044___

Address of Defendant: ___2310 Walnut Street, Harrisburg, PA  17103___

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))___          Yes ☑  No ☐

Does this case involve multidistrict litigation possibilities?          Yes ☐  No ☑

*RELATED CASE, IF ANY:*

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
          Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
          Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
          Yes ☐  No ☑

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    (Please specify) *Trademark*

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, ___William B. Jameson___, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☐ Relief other than monetary damages is sought.

DATE: __6/29/11__          _____          __58949__
                           Attorney-at-Law                    Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __6/29/11__          _____          __58949__
                           Attorney-at-Law                    Attorney I.D.#

CIV. 609 (4/03)

**APPENDIX G**

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

AAMCO Transmissions, Inc.                    :

                                             :

                      V.                     :           Civil Action
Frank Wirth and                              :           No: _____
Auto Center, LLC                             :

                                             :

### DISCLOSURE STATEMENT FORM

Please check one box:

☐          The nongovernmental corporate party, _____, in the
           above listed civil action does not have any parent corporation and publicly held
           corporation that owns 10% or more of its stock.

☒          The nongovernmental corporate party, AAMCO Transmissions, Inc._____, in the
           above listed civil action has the following parent corporation(s) and publicly held
           corporation(s) that owns 10% or more of its stock:

           American Driveline Systems, Inc.

           _____

           _____

           _____


_6/29/11_____                    _____
   Date                                          Signature

            Counsel for:    AAMCO Transmissions, Inc.

---

### Federal Rule of Civil Procedure 7.1 Disclosure Statement

(a) WHO MUST FILE: NONGOVERNMENTAL CORPORATE PARTY.  A nongovernmental
corporate party to an action or proceeding in a district court must file two copies of a statement
that identifies any parent corporation and any publicly held corporation that owns 10% or more
of its stock or states that there is no such corporation.

(b) TIME FOR FILING; SUPPLEMENTAL FILING.  A party must:

(1)      file the Rule 7.1(a) statement with its first appearance, pleading, petition,
         motion, response, or other request addressed to the court, and

(2)      promptly file a supplemental statement upon any change in the
         information that the statement requires.

**APPENDIX G**

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

AAMCO Transmissions, Inc.
:
:
**V.**
:                    Civil Action
Frank Wirth and
:                    No: _____
Auto Center, LLC
:
:

## DISCLOSURE STATEMENT FORM

Please check one box:

☐       The nongovernmental corporate party, _____, in the
         above listed civil action does not have any parent corporation and publicly held
         corporation that owns 10% or more of its stock.

☒       The nongovernmental corporate party, AAMCO Transmissions, Inc._____, in the
         above listed civil action has the following parent corporation(s) and publicly held
         corporation(s) that owns 10% or more of its stock:

         American Driveline Systems, Inc.

_____                    _____
6/29/11                                               Signature
     Date

         Counsel for:   AAMCO Transmissions, Inc.


**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
         (a) WHO MUST FILE: NONGOVERNMENTAL CORPORATE PARTY.  A nongovernmental
corporate party to an action or proceeding in a district court must file two copies of a statement
that identifies any parent corporation and any publicly held corporation that owns 10% or more
of its stock or states that there is no such corporation.
         (b) TIME FOR FILING; SUPPLEMENTAL FILING.  A party must:
              (1)      file the Rule 7.1(a) statement with its first appearance, pleading, petition,
                        motion, response, or other request addressed to the court, and
              (2)      promptly file a supplemental statement upon any change in the
                        information that the statement requires.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## CIVIL ACTION - LAW

| | | |
|---|---|---|
| AAMCO TRANSMISSIONS, INC. | : | |
| 201 Gibraltar Road, Suite 100 | : | |
| Horsham, PA 19044 | : | |
| Plaintiff, | : | |
| v. | : | No. |
| FRANK WIRTH | : | |
| 2310 Walnut Street | : | |
| Harrisburg, PA 17103 | : | |
| and | : | |
| AUTO CENTER, LLC | : | |
| 2310 Walnut Street | : | |
| Harrisburg, PA 17103 | : | |
| Dendants. | : | |

### COMPLAINT

Plaintiff, AAMCO TRANSMISSIONS, INC. ("ATI"), by and through its undersigned counsel, hereby complains against Defendants, Frank Wirth ("Wirth") and Auto Center, LLC ("Auto Center"), as follows:

1.    Plaintiff ATI is a Pennsylvania corporation, with its principal place of business located at 201 Gibraltar Road, Horsham, Pennsylvania 19044.

2.    Defendant Wirth is an adult individual who has a principal place of business at 2310 Walnut Street, Harrisburg, PA 17103.

3.    Defendant Auto Center is a Pennsylvania limited liability corporation, with its principal place of business located at 2310 Walnut Street, Harrisburg, PA 17103.

4.    This Court has jurisdiction pursuant to 15 U.S.C.A. §1121(a), and also pursuant to 28 U.S.C.A. §1338(b) relating to claims of unfair competition joined with a substantial and related claim under the trademark laws, as well as pendent and ancillary jurisdiction of the state and common law claims contained herein.

5.     Venue lies in this District pursuant to 28 U.S.C.A. §1391, in that ATI resides in this District, Defendants have transacted business with ATI continuously over the last several years in this District and the claims arise under a contract that was made in this District.

BACKGROUND

6.     Since at least 1963, ATI has continually used the name "AAMCO" as its trade name, trademark and service mark in connection with the operation of transmission repair centers.  It is the owner of the following marks registered on the principal register of the United States Patent and Trademark office for "automobile repair services":

| Registration # | Description |
| --- | --- |
| 851,209 | The name "AAMCO". |
| 860,330 | Pictorial representation containing the name "AAMCO". |
| 1,127,710 | Pictorial representation containing the name "AAMCO Transmissions". |

7.     ATI is engaged in interstate commerce in, inter alia, the business of franchising or licensing others to use the mark and name "AAMCO" in the operation of transmission repair centers throughout the United States and Canada.  There are approximately 700 independent AAMCO locations licensed or franchised by ATI to operate transmission repair centers under the "AAMCO" trade name and trademark.

8.     The "AAMCO" trade name and trademark have become universally associated with the repair of motor vehicle transmissions and the operation of transmission repair centers.  As a result, ATI owns common-law trade name and trademark rights in the name "AAMCO" and in the marks described above.  By virtue of the long use and promotion and the resulting fine public reputation of the trade name "AAMCO", there exists a secondary meaning in the name "AAMCO" and the above marks.

9.     Large sums of money have been spent in advertising and promoting the services sold under ATI's trade name and trademarks, and today ATI has a substantial business and a long established goodwill associated with the name and the above marks in connection with the services provided under its trade name and trademarks.

10.     ATI has a vital interest in protecting its trade name and trademarks and the preservation and protection thereof are essential to the maintenance of ATI's quality transmission repair centers and the goodwill and reputation associated therewith.  To supervise and control use of its trade name and trademarks, ATI has established standards and policies governing the quality of service to be provided to the public and has established procedures calling for the inspection of franchisees' centers to determine that the standards and policies are being followed.

11.     On February 6, 2008, ATI and Defendant Wirth entered into a franchise agreement, pursuant to which Wirth was authorized to use the name and mark "AAMCO" in connection with the operation of an AAMCO Transmission Center located at 2310 Walnut Street, Harrisburg, PA  17103 (the "Center").  A true and correct copy of the said franchise agreement (the "Franchise Agreement") is attached hereto and made a part hereof at Exhibit "A".

12.     On February 6, 2008, the same day the Franchise Agreement was executed, Defendant Wirth executed a promissory note in favor ATI, for good and valuable consideration, in the amount of twenty one thousand dollars ($21,000.00) which required Defendant Wirth to make 21 monthly payments in the sum of one thousand dollars $1,000.00 to ATI (the "2008 Note").  A true and correct copy of the 2008 Note is attached hereto and made a part hereof at Exhibit "B".

13.     On August 5, 2008, the parties executed an amendment to the Franchise Agreement whereby Defendant Auto Center was added as a franchisee under the Franchise

3

Agreement. See Amendment to Franchise Agreement attached as part of the Franchise

Agreement at Exhibit "A" hereto.

14.     On August 13, 2010, after Defendants' Center was audited by ATI for compliance

under the Franchise Agreement, Defendants executed a settlement agreement and promissory

note in favor of ATI, for good and valuable consideration, in the amount of thirty five thousand

dollars ($35,000.00) which required Defendants to make 35 monthly payments in the sum of one

thousand dollars $1,000.00 to ATI (the "Settlement Agreement" and the "2010 Note,"

respectively).  A true and correct copy of the Settlement Agreement and 2010 Note are together

attached hereto and made a part hereof at Exhibit "C".

15.     In a letter dated June 9, 2011, ATI notified Defendants that they were in breach of

the Franchise Agreement and in default under the 2008 Note and 2010 Note for failure to pay

sums due and owing. A true and correct copy of the said letter is attached hereto and made a part

hereof at Exhibit "D".

16.     In response, Defendants failed and refused to cure all or any of their payment

failures with respect to the Franchise Agreement, 2008 Note and 2011 Note.

17.     In a letter dated June 21, 2011, after giving prior written notice and an

opportunity to cure, ATI terminated the Franchise Agreement for failure to pay monies due and

owing and demanded that Defendants comply with their post termination obligations under the

Franchise Agreement.  A true and correct copy of the said letter is attached hereto and made a

part hereof at Exhibit "E".

18.     Section 19.2(a) of the Franchise Agreement provides that, upon termination of the

Franchise Agreement for any reason, Defendant shall:

> (2) immediately and permanently discontinue the use of all AAMCO
> names and marks, signs, structures, all forms of advertising, telephone
> listings and service, manuals, software and all materials and products

4

of any kind which are identified or associated with the System or AAMCO and return all such materials and products, including without limitation, the Operator's Manual, to AAMCO;

(3) thereafter make no representations or statements for commercial benefit that Franchisee is or ever was in any way approved, endorsed, associated or identified with AAMCO or the System in any manner whatsoever or that Franchisee is a former AAMCO franchisee; provided, however, Franchisee shall reimburse AAMCO for all customer warranty repairs made within an applicable warranty period arising from work performed at the Center;

(4) immediately take all steps necessary to amend or terminate any registration or filing of any fictitious name or any other registration or filing containing the AAMCO names and marks in order to effectuate the removal of the AAMCO names and marks from such registration or filing

*See* Franchise Agreement, § 19.2, Ex. "A" attached hereto.

19.    Section 20 also provides in pertinent part as folows:

Franchisee represents and warrants…[f]or a period of two (2) years after the termination of this Agreement for any reason, which two-year period shall not begin to run until Franchisee commences to comply with all obligations stated in this section 20, Franchisee shall not…within a radius of ten (10) miles of Franchisee's former Center and ten (10) miles of any other Center in operation at the time of termination or any Center that has commenced operation during the two-year period, begin or engage in any business the same as, similar to or in competition with such Center, except for a business previously approved by AAMCO pursuant to section 8(e).

*Id.* at § 20.

20.    Despite the termination of his franchise and any further authority to continue in the transmission business under and the use of the AAMCO name, Defendants have refused to take the actions required by Sections 19.2 or 20 of the Franchise Agreement. Specifically, Defendants refuse to remove the AAMCO name and trademark from the Center and cease all use of ATI's systems and AAMCO merchandising materials there and, instead, have continued to operate a competing transmission repair business at the former Center location under the name

and style "AAMCO Transmissions", to hold themselves out to be an authorized ATI franchisee, and to use the AAMCO trade name and trademark, without any license or right whatsoever.

21.    In addition, Defendants continue to refuse to turn over to ATI the telephone number, (717) 901-0300, and any other telephone number(s) which link to former and current local Yellow Page ads for "AAMCO Transmission".

22.    The ATI letter dated June 21, 2011, further addressed Defendants' continued failure to accurately report their gross receipts to ATI and demanded that they immediately cure these monetary defaults.

23.    Notwithstanding receipt of this notice, Defendants have failed and refuse to cure all or any of their monetary defaults.

## COUNT I
## TRADEMARK INFRINGEMENT

24.    ATI hereby incorporates by reference, as if fully set forth, paragraphs 1 through 23 above.

25.    Defendants have willfully and without justification failed and refused to comply with the post-termination provisions of the Franchise Agreement.

26.    Defendants continue to hold themselves out to the public as an authorized "AAMCO Transmission Center," which they are not.

27.    Unless Defendants are enjoined, ATI believes and therefore avers that they will continue their infringing use of the AAMCO trade name and trademarks at the Center.

28.    Unless Defendants are enjoined, their continued improper use of the AAMCO trade name and trademarks will greatly impair the value of the AAMCO trade name and trademarks, as well as ATI's reputation and goodwill.

29.     Defendants' continued failure and refusal to comply with those obligations has caused and continues to cause ATI irreparable harm to its reputation and goodwill, and substantial financial losses.

30.     The actions and conduct of Defendants as set forth in this Complaint constitute willful trademark infringement in violation of 15 U.S.C.A. §1125.

31.     The damages that have been occasioned by the willful trademark infringement that has been engaged in by Defendants are irreparable and continuing, and ATI has no adequate remedy at law.

32.     Pursuant to 15 U.S.C.A. §1116, ATI is entitled to injunctive relief to protect its rights under the Lanham Act.

33.     Pursuant to 15 U.S.C.A. §1117, ATI is entitled to recover Defendants' profits from the Center for the period since June 21, 2011, during which they have engaged in the above-described willful trademark infringement, plus any damages sustained by ATI, which damages may be trebled, plus the costs of this action and attorneys' fees.

## COUNT II
## BREACH OF FRANCHISE AGREEMENT - SPECIFIC PERFORMANCE

34.     ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 33 above.

35.     As a result of the termination of Defendants' franchise, ATI is also entitled to specific performance of Section 19.2 of the Franchise Agreement, which requires Defendant to, among other things, discontinue all use of the AAMCO name and trademark, surrender to ATI all items containing the AAMCO name and trademark, and transfer to ATI any and all telephone numbers listed under the AAMCO name.

36.   ATI is also entitled to specific performance of Section 20 of the Franchise Agreement which provides that, for a period of two (2) years, Defendants shall not, directly or indirectly, engage in the transmission repair business within a radius of 10 miles of the Center or any other AAMCO Transmission Center.

37.   Although Defendants' franchise has been terminated, Defendants continue to operate a transmission repair business at the former Center location in violation of the covenant not-to-compete and in violation of ATI's trademark rights as stated in Count I above.

38.   By refusing to honor the procedures after termination stated in Sections 19.2 and 20 of the Franchise Agreement, Defendants have misappropriated the goodwill generated under the AAMCO name causing ATI irreparable harm.

39.   Defendants' failure to honor the procedures after termination stated in Sections 19.2 and 20 of the Franchise Agreement interferes with ATI's ability to develop the market, retain the goodwill and re-establish the presence of the AAMCO name in this market, causing ATI irreparable harm.

40.   ATI has no adequate remedy at law for damages, and unless specific performance of the procedures after termination, including the covenant not-to-compete, is ordered and injunctive relief granted to restrain Defendants' unlawful conduct, ATI will continue to suffer irreparable harm.

## COUNT III
## COMMON LAW UNFAIR COMPETITION

41.   ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 40 above.

42.   Defendants' conduct is in violation of the common law of unfair competition in that they are:

(a) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods and services in connection with his conduct of business at the former Center location;

(b) Causing likelihood of confusion or of misunderstanding as to the affiliation, connection or association with or certification by ATI of their conduct of business at the former Center location; and,

(c) Representing to the public that the business continues to operate as an AAMCO Transmission Center with ATI's approval, which it does not.

43. These acts by Defendants have been committed willfully and with full knowledge of the refusal of ATI to authorize the sale of goods and services at the Center; and with the intention of deceiving and misleading the public.

44. Defendants' unlawful trade practices will irreparably harm and injure ATI's trademarks, trade name, reputation and goodwill.

45. ATI is without an adequate remedy at law.

## COUNT IV
## BREACH OF CONTRACT

46. ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 45 above.

47. Pursuant to the Franchise Agreement, Defendants were required to pay to ATI seven and one half percent (7 ½ %) of the gross receipts of the Center for the preceding week.

48. Pursuant to the Franchise Agreement, Defendants were to pay ATI a proportionate share of the cost of creating certain advertising, including internet advertising, in accordance with formulas provided by the AAMCO National Creative Committee.

49. As an additional service under the Franchise Agreement, ATI provides Defendants with the opportunity to buy certain parts, equipment and supplies through its "Parts Department" on credit. Defendants have availed themselves of this service.

50.     Pursuant to the Franchise Agreement, ATI is also entitled to interest on all amounts due and owing under the said agreement in the amount of 18% per annum, as well as the costs and attorneys' fees in pursuing collection.

51.     Defendants have an unpaid balance that has accrued under the Franchise Agreement, which balance remains due and owing to ATI, and is comprised as follows:

| | | |
|---|---|---:|
| Parts Account | $ | 46.30 |
| Recoverable Expenses | | 260.00 |
| Franchise Fees | | |
|    Reported | | -45.00 |
|    Estimated[1] | | 1,885.30 |
| National Creative Adv. | | 300.00 |
| National Internet Adv. | | 256.00 |
| Interest | | 86.85 |
| | $ | 2,789.45 |

52.     In addition to the foregoing, Defendants remain in default under both the 2008 Note and the 2010 Note, the balances of which together total $48,220.41.

53.     ATI has incurred and continues to incur attorneys' fees and costs in enforcing the Franchise Agreement and collecting on the Notes.

54.     Despite ATI's demands, Defendants have failed and refused, and continues to fail and refuse, to pay the monies due and outstanding to ATI.

## COUNT V – COSTS AND ATTORNEYS' FEES

55.     ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 54 above.

---

[1] Defendants have failed to remit eight (8) weekly business reports for the weeks ending 4/23/11 and 5/07/11 through 6/18/11, along with the applicable franchise fees. Accordingly, the franchise fees due and owing for these eight (8) business reports have been estimated.

56.     Pursuant to Section 17 of the Franchise Agreement, Defendants agreed to pay all costs incurred by Plaintiff in collecting money owed under the Franchise Agreement, including attorneys' fees.

57.     Pursuant to both the 2008 Note and the 2010 Note, Defendants agreed to pay all costs incurred by Plaintiff in collecting money owed under these instruments, including attorneys' fees.

58.     Pursuant to 15 U.S.C.A. §1117, ATI is entitled to recover the costs of this action and attorneys' fees.

59.     Plaintiff ATI has incurred and continues to incur attorneys fees in the pursuit of this action.

## COUNT VI – DECLARATORY JUDGMENT

60.     ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 59 above.

61.     Pursuant to 28 U.S.C. §2201 and 42 Pa.C.S. §7533, this Court has jurisdiction to determine disputes between Plaintiff and Defendants concerning the validity, formation, operation and termination of the Franchise Agreement.

62.     A dispute exists between Plaintiff and Defendants as to whether Defendants are in default of the Franchise Agreement and as to the termination of the Franchise Agreement.

63.     Plaintiff did properly register, sell and enter into the Franchise Agreement with Defendants and obeyed all applicable laws.

64.     Plaintiff has performed all of its obligations under the Franchise Agreement and has not negligently or willfully caused any damage to Defendants.

65.     Plaintiff has properly determined that Defendants were in violation of the Franchise Agreement as he has, inter alia, failed to honor their post termination obligations under

11

the Franchise Agreement specifically including their obligation to de-identify and cease

competing from the former Center location.

66.     Plaintiff may/has properly terminate(d) the Franchise Agreement.

## RELIEF SOUGHT

WHEREFORE, based on the forgoing causes of action, ATI requests the following relief:

A.     That Defendants, their respective officers, agents, servants, employees and those

persons in active concert or participation with them, be preliminarily and permanently enjoined

and restrained from:

> (i)     using in any manner, including without limitation on or in any signs,
> stationery, letterheads, forms, printed matter or advertising, the proprietary marks
> "AAMCO", "AAMCO Transmissions" or similar names or marks;

> (ii)    advertising or otherwise holding themselves out, directly or indirectly, as
> an authorized franchisee of ATI or as being in any way sponsored by or connected
> or associated with ATI; and

> (iii)   doing anything to cause potential purchasers of transmission repair
> services to believe that any services or repairs performed by Defendant or any
> business with which he is associated originate with ATI or are endorsed or
> sponsored by ATI.

B.     That Defendants deliver to ATI or to persons designated by the Court all

materials, including without limitation signs, stationery, letterhead, forms, printed matter and

advertising, which contain the proprietary marks "AAMCO", "AAMCO Transmissions", or

similar names or marks.

C.     That Defendants transfer to ATI or at ATI's direction, each telephone number

listed by them under the designation "AAMCO Transmission" or any similar designation,

including (717) 901-0300 and any other telephone number(s) which link to former and current

local Yellow Page ads for "AAMCO Transmission", and execute any instruments and take such

steps as may be necessary or appropriate to transfer each such telephone number and if they shall

fail to do so, that counsel for ATI be designated by the Court as his attorney-in-fact to execute such documents in his name and in his place.

      D.     That Defendants be ordered to provide an accounting pursuant to 15 U.S.C.A. §1117(a), of his profits at the Center after June 21, 2011, and that these profits be awarded to ATI, along with all other damages for Defendants' violation of ATI's trademark rights, trebled in accordance with 15 U.S.C.A. §1117(a).

      E.     That Defendants be ordered to honor the covenant not-to-compete contained in the Franchise Agreement, by ceasing to operate a transmission repair center for two (2) years at or within ten (10) miles of the location of the former Center or any other AAMCO Transmission Center.

      F.     That Defendants be ordered to file with the Court and to serve on ATI within thirty (30) days after the issuance of any preliminary and/or permanent injunction herein, a report in writing, under oath, setting forth in detail the measures undertaken by Defendants to comply herewith.

      G.     That the Court enter a money judgment in favor of ATI and against Defendant for breach of contract damages for a sum to be determined but in excess of fifty one thousand nine dollars and eighty six cents ($51,009.86).

      H.     That the Court enter Declaratory Judgment that:

          (i).     Plaintiff did properly register, sell and enter into the franchise agreements with Defendant and obeyed all applicable laws;

          (ii).     Plaintiff has performed all of its obligations under the Franchise Agreement and has not negligently or willfully caused any damage to Defendants;

          (iii).     the Franchise Agreement has been properly terminated;

          (iv).     Defendants must comply with all provisions of Sections 19.2 and 20 of the Franchise Agreement; and

13

(v).     Plaintiff may remove the telephone number (717) 901-0300, and any other telephone number(s) which link to former and current local Yellow Page ads for "AAMCO Transmission."

I.     That ATI be awarded its reasonable attorneys' fees, costs of court and all other

and further relief to which it may be entitled.

6/29/11

William B. Jameson
Attorney ID. # 58949
Attorney for Plaintiff
AAMCO Transmissions, Inc.
201 Gibraltar Road
Horsham, Pennsylvania 19044
(610) 668-2900