## PROMISSORY NOTE

<u>$21,000.00</u>                                                                                                    February __, 2008

FOR VALUE RECEIVED, the undersigned FRANK WIRTH (hereinafter "Borrower"), for good and valuable consideration, does hereby promise to pay to AAMCO TRANSMISSIONS, INC. ("Holder"), the principal sum of Twenty One Thousand Dollars ($21,000.00), bearing zero percent (0%) interest, and payable in twenty one (21) consecutive monthly installments of One Thousand Dollars ($1,000.00) commencing April 1, 2008, and due the 1st of each month thereafter, with a final payment on December 1, 2009. Notwithstanding the foregoing, in the event Borrower hereafter either 1) obtains financing on the center, or 2) sells the AAMCO Transmission Center now located at 2310 Walnut Street, Harrisburg, PA 17103 (the "Center") to a third party prior to the Note being paid in full, the entire remaining balance on the Promissory Note shall become immediately due and payable to Holder.

Payment of this Note shall be made in lawful money of the United States of America, as at the time of such payment is legal tender for payment of public and private debts; payment shall be made to the Holder at 201 Gibraltar Rd., Suite 100, Horsham, PA 19044 or such other place as the Holder may designate in writing. Borrower shall have the right to prepay any and all amounts due hereunder without penalty.

If undersigned shall default in the payment of this Note for a period of more than ten (10) business days when due, then the Holder may declare this Note and all other agreements, including but not limited to the Franchise Agreement, in effect between Borrower and Holder or any of its parents, subsidiaries and affiliates immediately in default.

If HOLDER believes in good faith that the prospect of payment is at any time substantially impaired, the Holder shall accelerate the date of this Note and demand immediate payment in full of the total sum of this Note.

Notwithstanding the foregoing interest rate, if Borrower shall default in the payment of this Note, interest shall accrue at the lesser of Eighteen percent (18%) per year or the highest amount permissible by law.

None of the rights and remedies of Holder hereunder shall be waived, or affected, by failure to delay in exercising them. All remedies conferred on Holder, or any other instrument or agreement shall be cumulative and not exclusive.

1

If any action is commenced to enforce the collection of this Note, the undersigned agrees to pay Holder's reasonable costs of collection, including reasonable attorney's fees in such action.

The undersigned and each endorser of this Note, hereby waive presentment, demand, notice, protest and all other demands and notices required or permitted hereunder and by law in connection with the delivery, acceptance, performance, default or endorsement of this Note, assents to any extension or postponement of the time of payment of any other indulgence, to any substitution, exchange or release of collateral and/or to the addition or release of any other party or person primarily or secondarily liable on this Note.

The undersigned hereby authorizes and empowers any attorney or attorneys or the prothonotary or clerk of the court of competent jurisdiction, upon the occurrence of any default hereunder, to therein confess or enter judgment against the undersigned in favor of Holder for all sums due or to become due from Borrower to Holder hereunder, with costs of suit and release of errors, and reasonable attorney's fees. Reasonable attorney's fees shall be One thousand dollars ($1,000.00) or 15%, whichever is greater. Such authority and power shall not be exhausted by an exercise thereof from time to time, as often as there is occasion therefor.

The undersigned also hereby declare that they are not in the military service of the United States or any State or Territory or United States ally, and that they have an income of more than Ten thousand dollars ($10,000.00) a year at the time of this signing, that this is a commercial transaction, and that they knowingly and intelligently waive any opportunity to have a hearing at which the burden of proving fault, execution of obligation, amount due, and other elements necessary to execution would be on the creditor.

The terms, conditions, rights and obligations set forth in this Note are in no way intended to be construed as an extinguishment or limitation of the terms, conditions, rights and obligations set forth in any previous documents between the parties hereto.

This Promissory Note has been entered into and shall be governed by and construed and enforced in accordance with the laws of the Commonwealth of Pennsylvania.

_____           _____
FRANK WIRTH                          Witness