## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into between AAMCO Transmissions, Inc. ("ATI") on the one hand and Francis Wirth ("Franchisee") on the other hand as of August ___, 2010 (the "Effective Date").

WHEREAS, ATI and Franchisee entered into a Franchise Agreement dated February 6, 2008 ("Franchise Agreement") whereby ATI granted to Franchisee the conditional right to operate an AAMCO Transmission Center at 2310 Walnut Street, Harrisburg PA 17103 (the "Center");

WHEREAS, ATI conducted an unannounced audit of the Center and, among other things, discovered documentation revealing that gross sales at the Center were being underreported to ATI and that franchise fees and other fees were being underpaid to ATI in violation of Section 8(a) of the Franchise Agreement;

WHEREAS, ATI and Franchisee now desire to resolve any disputes between them.

NOW THEREFORE, for adequate consideration, the existence which is expressly acknowledged by the parties, ATI and Franchisee agree as follows:

1. Franchisee agrees to pay to ATI the sum of Twenty Five Thousand dollars ($25,000) (the "Payment Amount") to resolve the issue of unpaid franchise fees associated with underreporting at the Center and ATI's costs with respect to the audit. To satisfy the Payment Amount, Franchisee agrees to tender to ATI a Promissory Note requiring thirty five (35) monthly payments of $694 payable on or before the first day of each month beginning September 21st, 2010 and ending July 21st, 2013 in the form of check or certified funds. The Promissory Note is attached at Attachment "A" hereto.

2. Subject to the terms herein, ATI agrees to forbear on immediately terminating the Franchise Agreement as provided under Section 19.1(c). In consideration for ATI's agreement to forbear, Franchisee agrees as follows:

   a. Franchisee shall make good faith efforts to sell the Center to a bona fide purchaser acceptable to ATI. Franchisee understands and agrees that the purchaser of the Center must purchase the Center as an AAMCO franchise location and must execute ATI's then current franchise agreement, and comply with ATI's requirements;

   b. Until such time as the Center is sold pursuant to the terms of this Agreement, Franchisee shall strictly comply with the terms of the Franchise Agreement including, but not limited to, reporting all sales of the Center and remaining current on all outstanding amounts due and owing by Franchisee to ATI pursuant to the Franchise Agreement.

   c. In the event Franchisee is unable to achieve a sale of the Center on or before October 1, 2010 (or such later date as ATI, in its sole discretion, may allow), or fail to comply with any other provision of this Agreement or the Franchise Agreement, ATI shall, without further notice to Franchisee, be entitled to immediately terminate the

Franchise Agreement and pursue such remedies available to ATI under the Franchise Agreements and at law.

3.  Franchisee agrees not to enter into any contract to sell the Center to third party without also requiring the purchaser to honor the Center's pre-existing warranty obligations.

4.  Franchisee agrees to cooperate with ATI and to take the actions necessary to redirect to the VOIP telephone system established by ATI the telephone number (717) 901-0300 and any other primary telephone number(s) ringing into the Center presently or in the future that are advertised under the AAMCO trademark. Franchisee understands that participation in ATI's VOIP telephone system may result in an additional monthly charge (estimated to be approx. $30 per month) and may require that Franchisee establish an additional rollover line at the Center.

5.  Franchisee hereby irrevocably and unconditionally remises, releases, and forever discharges ATI from any, and all manner of, actions, causes of actions, suits, debts, claims and demands, accounts, bonds, covenants, contracts, agreements, and judgments, whatsoever in law and equity, which Franchisee now has, ever had, or may hereafter have, own, hold, claim or have to own or to hold against ATI, including but not limited to, those based upon, related to or connected with the Center. Without limiting the generality of the foregoing in any respect, Franchisee hereby irrevocably and unconditionally remises, releases and forever discharges ATI from any and all claims and causes of action, known or unknown or unanticipated at the time this Agreement was executed, which arose from or are based upon or related to the aforesaid or some part or aspect thereof, from the beginning of the world to the date of this Agreement, which Franchisee ever had, now has or hereafter may have for or by reason of any cause, matter or thing whatsoever. Franchisee acknowledges that there is a risk that, subsequent to the execution of this Agreement, additional claims or causes of action may be discovered or arise, which were unknown or unanticipated at the time this Agreement was executed, including without limitation unknown or unanticipated claims or causes of action, which arose from or are based upon or related to the aforesaid or some part or aspect thereof, and which if known to Franchisee on the date of the execution of this Agreement would have materially affected the decision to execute this Agreement, but which unknown risk or claim Franchisee hereby assumes and expressly agrees that this Agreement, and the release contained herein, applies thereto.

6.  ATI agrees that, expressly contingent upon the receipt by ATI from Franchisee of the Payment Amount and the complete satisfaction of the obligations under this Agreement by Franchisee, ATI irrevocably and unconditionally remises, releases, and forever discharges Franchisee from any, and all manner of, actions, causes of actions, suits, debts, claims and demands, accounts, bonds, covenants, contracts, agreements, and judgments, whatsoever in law and equity, which ATI now has, ever had, or may hereafter have, own, hold, claim or have to own or to hold against Franchisee relating to underreporting of gross sales by Franchisee at the Center prior to the Effective Date or underpayment of franchise fees due from Franchisee to ATI associated with the Center prior to the Effective Date.

7. Except to the extent superseded by federal law, this Agreement and all rights and obligations hereunder, including, but not limited to, matters of construction, validity and performance, shall be governed by and construed in accordance with the laws of the State of Pennsylvania. The parties consent to the jurisdiction and venue of the courts of general jurisdiction of Montgomery County, Pennsylvania and to the United States District Court for the Eastern District of Pennsylvania, and agree that any legal proceeding arising out of or connected in any way to this Agreement shall be brought only in such courts and not in any other court. THE PARTIES HERETO WAIVE THEIR RIGHT TO REQUEST A TRIAL BY JURY IN ANY SUIT, ACTION OR PROCEEDING IN ANY COURT OF LAW, TRIBUNAL, OR OTHER LEGAL PROCEEDING ARISING OUT OF OR INVOLVING THIS AGREEMENT.

8. Each party hereto agrees to execute all such further documents and instruments and to do all such further things as any other party may reasonably request in order to give effect to and to consummate the transactions contemplated hereby.

9. The parties agree that the terms of this Agreement and release shall remain confidential and shall not be disclosed to third parties, except as may be required by law or by court order.

10. This Agreement is the entire agreement of the parties with respect to the subject matter hereof and supersedes all other prior understandings and agreements, whether written or oral. This Agreement may be amended only by a writing signed by the parties.

Date 8-16-10

AAMCO TRANSMISSIONS, INC.

By: Brian O'Donnell, Senior Vice President

Date 8/13/10

Frank Walsh

Frances Walsh

3

Attachment "A"

## PROMISSORY NOTE

$25,000.00

August ___, 2010

FOR VALUE RECEIVED and as documented in the attached Settlement Agreement of even date herewith, the undersigned, Patrick Wirth ("Borrower"), does hereby promise to pay to AAMCO TRANSMISSIONS, INC. ("Holder"), the principal sum of twenty-five thousand dollars ($25,000.00), bearing zero percent (0%) interest, payable in Thirty-five (35) monthly payments of $694 to be paid on or before the first day of each month beginning September 1st, 2010 and ending July 1st, 2013 with a final payment of $710 in the form of check or certified funds. Notwithstanding the foregoing, in the event Borrower hereafter sells his AAMCO Transmission Center now located at 2310 Walnut Street, Harrisburg PA 17103, to a third party prior to the Note being paid in full, the entire remaining balance on the Promissory Note shall become immediately due and payable to Holder.

Payment of this Note shall be made in lawful money of the United States of America, as at the time of such payment is legal tender for payment of public and private debts. payment shall be made to the Holder at 201 Gibraltar Rd., Suite 100, Horsham, PA 19044 or such other place as the Holder may designate in writing. Borrower shall have the right to prepay any and all amounts due hereunder without penalty.

If undersigned shall default in the payment of this Note for a period of more than ten (10) business days when due, then the Holder may declare this Note and all other agreements, including but not limited to the Franchise Agreement, in effect between Borrower and Holder or any of its parents, subsidiaries and affiliates immediately in default.

If Holder believes in good faith that the prospect of payment is at any time substantially impaired, the Holder shall accelerate the date of this Note and demand immediate payment in full of the total sum of this Note.

Notwithstanding the foregoing interest rate, if Borrower shall default in the payment of this Note, interest shall accrue at the lesser of Eighteen percent (18%) per year or the highest amount permissible by law.

None of the rights and remedies of Holder hereunder shall be waived, or affected, by failure to delay in exercising them. All remedies conferred on Holder, or any other instrument or agreement shall be cumulative and not exclusive.

If any action is commenced to enforce the collection of this Note, the undersigned agrees to pay Holder's reasonable costs of collection, including reasonable attorney's fees in such action.

The undersigned and each endorser of this Note, hereby waive presentment, demand, notice, protest and all other demands and notices required or permitted hereunder and by law in connection with the delivery, acceptance, performance, default or endorsement of this Note, assents to any extension or postponement of the time of payment of any other indulgence, to any substitution, exchange or release of collateral and/or to the addition or release of any other party or person primarily or secondarily liable on this Note.

The undersigned hereby authorizes and empowers any attorney or attorneys or the prothonotary or clerk of the court of competent jurisdiction, upon the occurrence of any default hereunder, to therein confess or enter judgment against the undersigned in favor of Holder for all sums due or to become due from Borrower to Holder hereunder, with costs of suit and release of errors, and reasonable attorney's fees. Reasonable attorney's fees shall be One thousand five hundred dollars ($1,500.00) or 18%, whichever is greater. Such authority and power shall not be exhausted by an exercise thereof from time to time, as often as there is occasion therefor.

The undersigned also hereby declare that they are not in the military service of the United States or any State or Territory or United States ally, and that they have an income of more than Ten thousand dollars ($10,000.00) a year at the time of this signing, that this is a commercial transaction, and that they knowingly and intelligently waive any opportunity to have a hearing at which the burden of proving fault, execution of obligation, amount due, and other elements necessary to execution would be on the creditor.

The terms, conditions, rights and obligations set forth in this Note are in no way intended to be construed as an extinguishment or limitation of the terms, conditions, rights and obligations set forth in any previous documents between the parties hereto.

5

This Promissory Note has been entered into and shall be governed by and construed and enforced in accordance with the laws of the Commonwealth of Pennsylvania.

Date: 8/13/10

_Frank Wirth_
Francis Wirth