**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AAMCO TRANSMISSIONS, INC.** | : | CIVIL ACTION |
| 201 Gibraltar Road, Suite 100 | : | |
| Horsham, PA 19044 | : | |
| | : | |
|     Plaintiff | : | NO.: **11-CV-4250** |
| | : | |
|     V. | : | |
| | : | |
| **FRANK WIRTH** | : | |
| 2310 Walnut Street | : | |
| Harrisburg, PA 17103 | : | |
| | : | |
|     and | : | |
| | : | |
| **AUTO CENTER, LLC.** | : | |
| 2310 Walnut Street | : | |
| Harrisburg, PA 17103 | : | |
| | **:** | |
|     Defendants | : | |

## <u>ORDER</u>

It is hereby ORDERED and DECREED that Plaintiff's Motion for Preliminary Injunction

is DENIED.

_____
                                            J.

**TERENCE P. RUF, JR, ESQUIRE**          Attorney for Defendants
Attorney Identification No.: 203070       John P. Acunto, Jr.,
Law Office of Terence P. Ruf, Jr.         Absolute Partners, Inc., and
37 West Gay Street                        Absolute ProStudios, Inc
West Chester, PA 19380
(484)786-9203

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AAMCO TRANSMISSIONS, INC.** | : | CIVIL ACTION |
| 201 Gibraltar Road, Suite 100 | : | |
| Horsham, PA 19044 | : | |
| | : | |
| Plaintiff | : | NO.: **11-CV-4250** |
| | : | |
| V. | : | |
| | : | |
| **FRANK WIRTH** | : | |
| 2310 Walnut Street | : | |
| Harrisburg, PA 17103 | : | |
| | : | |
| and | : | |
| | : | |
| **AUTO CENTER, LLC.** | : | |
| 2310 Walnut Street | : | |
| Harrisburg, PA 17103 | : | |
| | : | |
| Defendants | : | |

### DEFENDANTS' FRANK WIRTH AND AUTO CENTER, LLC RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIONS

Defendants, Frank Wirth and Auto Center, LLC, by and through their undersigned counsel, hereby respond to Plaintiff's Motion for a Preliminary Injunction against Defendants. The Plaintiff based its Motion upon its Memorandum of Law in Support of Plaintiff's Motion for Preliminary Injunction against Defendants and attached proposed order, and affidavit of Brian

O'Donnell and exhibits.   Defendants reply in kind, simply setting forth its argument in opposition through its Memorandum of Law in Opposition to Plaintiff's Motion for Preliminary Injunction against the Defendants.   In addition, Defendants intend to rely on their case as presented at any hearing in connection with Plaintiff's Motion, if scheduled.

*LAW OFFICE OF TERENCE P. RUF, JR.*

Date:   8-12-11

   *//Terence P. Ruf, Jr.*
**TERENCE P. RUF, JR., ESQUIRE**
Attorney for Defendants
37 West Gay Street
West Chester, Pennsylvania 19380
484-786-9203
PA Attorney ID: 203070

**TERENCE P. RUF, JR, ESQUIRE**
Attorney Identification No.: 203070
Law Office of Terence P. Ruf, Jr.
37 West Gay Street
West Chester, PA 19380
(484)786-9203

Attorney for Defendants
John P. Acunto, Jr.,
Absolute Partners, Inc., and
Absolute ProStudios, Inc

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AAMCO TRANSMISSIONS, INC.** | : | CIVIL ACTION |
| 201 Gibraltar Road, Suite 100 | : | |
| Horsham, PA 19044 | : | |
| | : | |
| Plaintiff | : | NO.: **11-CV-4250** |
| | : | |
| V. | : | |
| | : | |
| **FRANK WIRTH** | : | |
| 2310 Walnut Street | : | |
| Harrisburg, PA 17103 | : | |
| | : | |
| and | : | |
| | : | |
| **AUTO CENTER, LLC.** | : | |
| 2310 Walnut Street | : | |
| Harrisburg, PA 17103 | : | |
| | **:** | |
| Defendants | : | |

### DEFENDANTS' FRANK WIRTH AND AUTO CENTER, LLC
### MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
### MOTION FOR PRELIMINARY INJUNCTION

Defendants, Frank Wirth and Auto Center, LLC (hereinafter referred to as "Defendants"),

by and through their attorney, Terence P. Ruf, Jr., Esquire, hereby submits this Memorandum of

Law in Opposition to Plaintiff's Motion for Preliminary Injunction.

## PRELIMINARY STATEMENT

In Plaintiff's Motion for a Preliminary Injunction, AAMCO Transmissions, Inc. ("ATI" or "Plaintiff") seeks an order precluding Defendants from:

1.  Engaging, directly or indirectly, in the automotive repair business for a period of two years and within a ten mile radius of the address being 2310 Walnut Street, Harrisburg, Pennsylvania 17103;

2.  Using any of ATI's proprietary marks on or in any advertising, signs, stationary, letterhead, forms or any other printed matter;

3.  Maintaining any advertising that would suggest or indicate that Defendants' shop is an authorized ATI dealer;

4.  Doing anything to cause potential customers to believe that ATI, in any way, endorses or sponsors Defendants' work; and

5.  Interfering with ATI's ownership and control of the telephone number (717)901-0300

Notwithstanding the representation to the contrary in its memorandum of law, ATI has already obtained the relief requested in items number 2-5 above.  Specifically, Defendants no longer display any ATI logos or signs on its premises and the Defendants have also removed all stationary, forms, letterhead, printed matter and advertising with the ATI name or logo on it. Further, Defendant Wirth has changed the name of his business to "Auto Center" and, therefore, does not advertise or otherwise represent to the public that the business is authorized, sponsored or endorsed by, or affiliated with, ATI.  In addition, Defendants do not possess any ATI customer lists or information as the Defendants and/or ATI have already purged Defendants'

computer of any and all ATI-related material. Finally, Defendants no longer have any control over the telephone number (717)901-0300 because ATI has caused all calls to the number to be routed to its own call center, where an ATI representative directs the caller to another ATI-approved facility.

The only open issue is whether the non-compete provision sought to be enforced here is fair and reasonable and does not impose an undue burden on Defendant Wirth, while at the same time protects the reasonable requirements of ATI. Defendants submit that the non-compete provision as set forth in the franchise agreement is not enforceable as it goes well beyond what is necessary to protect ATI's legitimate business interests. Furthermore, the relief ATI seeks would have a draconian impact on Defendant Wirth's ability to earn a living. For these reasons, ATI's motion should be denied.

## **ARGUMENT**

In deciding a motion for a Preliminary Injunction under Rule 65(a) of the Federal Rules of Civil Procedure, a court must consider four factors:

1. whether the movant has shown a likelihood of success on the merits;

2. whether the movant will be irreparably harmed by denial of the relief requested;

3. whether granting preliminary relief will result in even greater harm to the non-moving party; and

4. whether granting the preliminary relief will be in the public interest.

*Athlete's Foot Marketing Associates, LLC v. FL Consulting, Inc.,* 2007 U.S. Dist. LEXIS 32995 *4 (D.N.J.); *Chariot v. JMRL Sales and Service, Inc.,* 2006 U.S. Dist. LEXIS 46620 *11 (D.N.J.); *Viad Corporation v. V.C. Alan Cordial, et al.,* 299 F. Supp. 2d 466, 475-76 (W. D. Pa. 2003).

1.      <u>**ATI is NOT Likely to Prevail on the Merits**</u>

In order for ATI to prevail on the merits of its claims, it must offer evidence that the parameters of a non-compete provision are "reasonably necessary for the protection of the franchisor <u>without imposing undue hardship on the franchisee</u> and the restrictions are reasonably limited as to duration and geographical extent." *Piercing Pagoda, Inc. v. Hoffner,* 465 Pa. 500, 351 A2d 206, 212 (1976).

It is not reasonable to argue that a new or old customer of Defendants could possibly believe Defendants are still operating as an ATI shop.  There is no ATI sign and there is no reference whatsoever to ATI in the shop or on any printed material located within the shop.

Only ATI has control over the customer list as Defendants deleted ATI's proprietary focus program and the ATI customer list from the Defendants' computer.  Additionally, Defendants notified any and all prior customers of ATI that had used the Defendants' services that it was no longer an ATI franchisee as of April 30, 2011.  On or about April 30, 2011, Defendants realized that ATI had removed the Defendants from the ATI website in violation of the franchise agreement.  After the Defendants realized that ATI had breached the franchise agreement, the Defendants stopped operating as an ATI franchisee.  Defendants notified ATI as such on or after April 30, 2011.  Further, ATI can easily notify each customer, in writing, that Defendants are no longer an ATI franchisee and direct these customers to other ATI shops.  In fact, this is exactly what ATI does when anyone calls the old ATI phone number.  By ATI controlling the telephone number and customer list, and all other proprietary information created by ATI, there is no real threat of confusion or unfair competition.

In determining whether a franchisor will prevail on the merits, consideration may be given to the ability of the franchisor to secure another franchisee near the former franchisee's

territory.  See *Piercing Pagoda,* 351 A, 2d 207 (1976). For this argument to be valid here, however, ATI should be required to show that Defendants' presence at their present location has kept ATI from establishing another franchise in the same market area.  Under paragraph 1.3 of the franchise agreement, ATI must ensure that there are 100,000 registered vehicles within its marketing area before another franchise can be sold.  If that cannot be established, assuming Defendants are no longer in business; Defendants' continued presence could not interfere with ATI's ability to re-franchise that marketing area.  It is even possible that ATI could attract a new franchisee while Defendants are allowed to continue in operation.  Defendants submit that ATI must offer evidence that Defendants' presence actually hinders ATI's ability to re-franchise.

In addition to ATI's ability to establish another or an additional franchise in the same market area, there are already two franchises within the direct marketing area of the 2310 Walnut Street, Harrisburg, Pennsylvania 17103 location.  Specifically, there are two ATI franchises within the direct marketing area, both owned by franchisee Hank Strong.  True and correct copies of ATI Center Locator webpage and Yahoo.com driving directions showing the distances from the 2310 Walnut Street are attached collectively as Exhibit "A."   ATI breached the franchise agreement by allowing Mr. Strong and/or the Defendants to operate ATI franchises within the ten mile radius of one another.  That issue will be addressed through discovery in the underlying matter.

It should be noted that in the *Jiffy Lube* case cited by ATI for the proposition that a non-compete provision is necessary to protect the franchisor's good will, the use of proprietary information, unfair competition and the ability to serve other franchisee's , the court reduced the time and geographical area of the non-compete.  There Plaintiff sought a three year period and a

ten mile radius.   However, the court reduced the time frame to ten (10) months and the geographic scope to a five mile radius.   *Jiffy Lube v. Weiss,* 834 F. Supp. 683, 692 (D.N.J.).

ATI also raises a concern for the use of confidential and proprietary information by Defendants.   Pl. Brief at p. 10.   However, all proprietary and confidential information has been deleted from Defendants' computer by ATI.   As a result, Defendants do not have the ability to use ATI's proprietary and confidential information.

ATI seeks to enjoin Defendants from performing any automotive functions and/or repairs whatsoever.   The contract which is attached as Exhibit "A" to the Complaint does not specify the broad relief the Plaintiff seeks here.   Section 20 title "Covenant not to Compete" does not specify that the Plaintiff is entitled to enjoin or prevent the operation of a general automotive services center upon the termination of the franchise agreement.

For these reasons, the non-compete provision is not necessary for the protection of the franchisor and therefore ATI is not likely to prevail on the merits.

## 2.   <u>Plaintiff cannot Establish Irreparable Harm</u>

A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction.   *Inoviant Pharmacy, Inc. v. Max Morganstern,* 390F. Supp. 2d 179, 188 (N.D.N.Y. 2005). "Irreparable harm is an injury that is not remote or speculative but actual and imminent, and for which a monetary award cannot be adequate compensation." *Id.*

ATI bases its claim of irreparable harm on allegations that Defendants continue to use ATI's trademark (Br. at 12-13) and the ATI telephone number (Br. at 13).   However, as ATI knows, neither is correct.   ATI has taken down all signs that would indicate the shop is sanctioned by, or affiliate with, ATI; ATI controls the telephone number; and all confidential and proprietary information including customer lists, have been deleted from Defendants' computer

and any all customers prior to April 30, 2011 were notified in writing by the Defendants that the Defendants were no longer an ATI franchisee.

In ***Viad Corporation v. Alan Codial,*** 299 F. Supp. 2d 466 (W. D. Pa. 2003) the court noted that economic loss does not constitute irreparable harm.   The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm. ***Id*** at 480.   See also, ***chariot v. JMRL Sales and Service, Inc.,*** 2006 U.S. Dist. LEXIS 46620 (D.N.J.0; ***Apollo Tech. Corp. v. Centrosphere Indus. Corp.,*** 805 F. Supp. 1157, 1200 (D.N.J.) (a preliminary injunction is proper when it is the only way of protecting the plaintiff from harm).   Loss of potential business opportunities, profits, customers, or contracts is compensable by money damages and does not constitute irreparable harm.   ***Apollo Tech. Corp.*** 805 F. Supp. at 1209.   An inability to precisely measure financial harm does not make that harm irreparable or immeasurable.   ***Acierno v. New Castle County,*** 40 F. 3d 645, 655 (3rd Cir. 1994).

In the case at bar, ATI's "damages," if any, are calculable, thus obviating the necessity for a Preliminary Injunction.  Plaintiff specifically request monetary damages of $51,900.86, plus franchise fees and costs of suit.  See G of Plaintiff's reliefs sought in Plaintiff's Complaint. Also, in Count IV-Breach of Contract Plaintiff specifically alleges that the Defendants owe a franchise fee, interest, fees and costs under the franchise agreement in the amount of $2,789.45, balances of the 2008 Note and the 2010 Note, the balances of which together total $48,220.41, and costs and attorney's fee pursuant to the agreement.  See paragraph 47-53 of the Plaintiff's Complaint.  Additionally, Plaintiff has attached to its Complaint as Exhibit "D" letters addressed to the Defendants dated June 9, 2011, as Exhibit "E" correspondence dated June 21, 2011

addressed to Defendants specifically setting forth the amount Plaintiff is claiming due and owing, See Exhibits "D" and "E" to Plaintiff's Complaint.

### 3.     Defendant Will Suffer Greater Harm if ATI's Requested Relief is Granted.

In stark comparison to the speculative damages averred by ATI, Defendants will suffer actual and greater harm if the requested relief is granted because the enforcement of the non-compete provision will simply drive Defendants out of business.

Many cases compare a non-compete provision with the sale of a business.  *Jackson Hewitt, Inc. v. Childress,* 2008 U.S. Dist. LEXIS 24460 *19 (D.N.J.); *Athlete's Foot Marketing v. Fl Consulting, Inc.,* 2007 U.S. Dist. LEXIS 32995 *5-6 (D.N.J.).  However, in the sale of a business the seller receives compensation for the sale which would be sufficient consideration for entering into the non-compete provision.  Such is not the case here.  Defendants will have no monetary reserve to live on if they are forced to close shop.

In *Inoviant Pharmacy, Inc. v. Max Morganstern,* 390 F. Supp. 2d 179, 192 (N.D.N.Y. 2005), applying Pennsylvania law the court held that: "Pennsylvania courts have historically been reluctant to enforce contracts that place restraints on trade or on the ability of an individual to earn a living," citing, *Wellspan Health v. Bayliss,* 2005 Pa. Super 76, 869 A. 2d 990, 996 (Pa. Super 2005).

In the case at bar, enforcing the non-compete provision against Defendants, where there are numerous other ways to protect the interest of ATI, would result in much greater harm to Defendants, as it would be the death knell of Defendant Wirth's ability to earn a living and care for his family.

## <u>CONCLUSION</u>

For the reasons set forth herein, ATI's Motion for a Preliminary Injunction should be denied in all respects.

Respectfully Submitted,


*// Terence P. Ruf, Jr.*
**TERENCE P. RUF, JR., ESQUIRE**
Attorney for Defendants
37 West Gay Street
West Chester, Pennsylvania 19380
484-786-9203
PA Attorney ID: 203070

## CERTIFICATION OF SERVICE

I, Terence P. Ruf, Jr., hereby certify that, on the 12th day of August, 2011, the foregoing Response to Plaintiff's Motion for Preliminary Injunction and Memorandum of Law in Opposition to Plaintiff's Motion for Preliminary Injunction was served electronically to the following counsel and is available for viewing and downloading from the ECF system

*Counsel for the Plaintiffs*

William B. Jameson, Esquire
AAMCO Transmissions, Inc.
201 Gibraltar Road
Horsham, PA 19044
E-Mail: wjameson@cottman.com

*// Terence P. Ruf, Jr.*
**TERENCE P. RUF, JR., ESQUIRE**
Attorney for Defendants
37 West Gay Street
West Chester, Pennsylvania 19380
484-786-9203
PA Attorney ID: 203070