**TERENCE P. RUF, JR, ESQUIRE**          Attorney for Defendants
Attorney Identification No.: 203070
Law Office of Terence P. Ruf, Jr.
37 West Gay Street
West Chester, PA 19380
(484)786-9203

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AAMCO TRANSMISSIONS, INC.** | : | CIVIL ACTION |
| 201 Gibraltar Road, Suite 100 | : | |
| Horsham, PA 19044 | : | |
| Plaintiff | : | NO.: **11-CV-4250** |
| | : | |
| V. | : | |
| | : | |
| **FRANK WIRTH** | : | |
| 2310 Walnut Street | : | |
| Harrisburg, PA 17103 | : | |
| and | : | |
| **AUTO CENTER, LLC.** | : | |
| 2310 Walnut Street | : | |
| Harrisburg, PA 17103 | : | |
| Defendants | : | |

## DEFENDANTS', FRANK WIRTH AND AUTO CENTER, LLC,

## ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

And now comes, Frank Wirth (hereinafter referred to as "Wirth") and Auto Center, LLC (hereinafter referred to as "Auto Center") (hereinafter collectively referred to as "Defendants"), by and through their undersigned counsel, Terence P. Ruf, Jr., Esquire respectfully files the following Answer with Affirmative Defenses and aver as follows:

1.      Admitted upon information only.


2.      Admitted.

3.      Admitted.

4.      Denied.  Paragraph 4 of the Plaintiff's Complaint is a conclusion of law to which no response is required and therefore same is denied.

5.      Denied.  Paragraph 5 of the Plaintiff's Complaint is a conclusion of law to which no response is required and therefore same is denied.

## **BACKGROUND**

6.      Denied.  Defendants are without sufficient knowledge or information at this time to admit or deny the allegations of Paragraph 6 of the Plaintiff's Complaint and therefore denies same.

7.      Denied.  Defendants are without sufficient knowledge or information at this time to admit or deny the allegations of Paragraph 7 of the Plaintiff's Complaint and therefore denies same.

8.      Denied. Defendants are without sufficient knowledge or information at this time to admit or deny the allegations of Paragraph 8 of the Plaintiff's Complaint and therefore denies same.  By way of further answer, it is admitted that, to the extent of the Defendants knowledge, the "'AAMCO' trade name is known for the repair for motor vehicle transmissions and the operation of transmission repair centers."  Strict proof thereof to the contrary will be demanded at the time of trial.

9.      Denied.  Defendants are without sufficient knowledge or information at this time to admit or deny the allegations of Paragraph 9 of the Plaintiff's Complaint and therefore denies same.

10.     Denied.  Defendants are without sufficient knowledge or information at this time to admit or deny the allegations of Paragraph 10 of the Plaintiff's Complaint and therefore denies same.

11.     Denied.  The Franchise Agreement is a document whose terms and conditions speak for itself and the Defendants deny Plaintiff's characterization thereof to the extent that it differs from the written document.

12.     Denied.  The Promissory Note (hereinafter referred to as "Note") is a document whose terms and conditions speak for itself and the Defendants deny Plaintiff's characterization thereof to the extent that it differs from the written document.

13.     Denied.  Exhibit "A" is a document whose terms and conditions speak for itself and the Defendants deny Plaintiff's characterization thereof to the extent that it differs from the written document.

14.     Denied.  Exhibit "C" is a document whose terms and conditions speak for itself and the Defendants deny Plaintiff's characterization thereof to the extent that it differs from the written document.

15.     Denied.  Exhibit "D" is a document whose terms and conditions speak for itself and the Defendants deny Plaintiff's characterization thereof to the extent that it differs from the written document.

16.     Denied.  It is specifically denied that the Defendants failed or refused to cure any of their payment with respect to the Franchise Agreement, 2008 Note, and the 2011 Note.  To the contrary, Defendants made its required payments under the Franchise Agreement, 2008 Note,

and 2011 Note up and through April 30, 2011.  On or about April 30, 2011 Defendants learned that the Plaintiff had breached the Franchise Agreement by and through its failure to comply with its obligation under the Franchise Agreement, specifically including but not limited to removal of the Defendants from the Plaintiff's website and "Center Locator" without notice and/or justifiable reason.  Strict proof thereof to the contrary will be demanded at the time of trial.

17.     Denied.  Exhibit "E" is a document whose terms and conditions speak for itself and the Defendants deny Plaintiff's characterization thereof to the extent that it differs from the written document.  By way of further answer, it is specifically denied that the Defendants owed Plaintiff monies due and owing under the Franchise Agreement.  To the contrary, Plaintiff breached its contract with the Defendants as more fully set forth in Defendants' response to paragraph 16 above.

18.     Denied.  Exhibit "A" is a document whose terms and conditions speak for itself and the Defendants deny Plaintiff's characterization thereof to the extent that it differs from the written document.

19.     Denied.  Exhibit "A" is a document whose terms and conditions speak for itself and the Defendants deny Plaintiff's characterization thereof to the extent that it differs from the written document.

20.     Denied.  The Franchise Agreement is a document whose terms and conditions speak for itself and the Defendants deny Plaintiff's characterization thereof to the extent that it differs from the written document.  By way of further answer, Defendants have removed the AAMCO name and trademark from the location; ceased all use of ATI systems; ceased all use of

4

AAMCO merchandising materials; ceased operating a competing transmission repair business at the former Center location; ceased operating under the name "AAMCO Transmission"; ceased and/or deny holding themselves out to be an authorized ATI franchisee; and have ceased to use the AAMCO trade name and trademark. Strict proof thereof to the contrary will be demanded at the time of trial.

21.     Denied. It is specifically denied that the Defendants continued to refuse to turn over to ATI the telephone number (717) 901-0300 and/or any other telephone number(s) which link to former and current Yellow Page ads for "AAMCO Transmission". To the contrary, ATI is specifically in possession of the telephone number (717) 901-0300. Strict proof thereof to the contrary will be demanded at the time of trial.

22.     Admitted in part and denied in part. It is admitted that Defendants received the June 21, 2011 correspondence attached to the Complaint as Exhibit "E". It is specifically denied that the Defendants continued to fail to accurately report their gross receipts to ATI and/or that the Defendants owed or were required to immediately cure any monetary defaults related to reporting of their gross receipts to ATI. Strict proof thereof to the contrary will be demanded at the time of trial.

23.     Denied. See Defendants' response to paragraph 22 of the Complaint.

**COUNT I**
**TRADEMARK INFRINGEMENT**

24.     No response required. Defendant hereby incorporates paragraphs 1-23 as though they were reiterated herein at length.

25.     Denied.  It is specifically denied that the Defendants have failed and/or refused to comply with the post- termination provision of the Franchise Agreement.  To the contrary, Defendants have specifically complied with the post-termination provisions of the Franchise Agreement.  Strict proof thereof to the contrary will be demanded at the time of trial.

26.     Denied.  It is specifically denied that the Defendants continue to hold themselves out to the public as an authorized "AAMCO Transmission Center."  Strict proof thereof to the contrary will be demanded at the time of trial.

27.     Denied.  It is specifically denied that the Defendants are infringing their use of the AAMCO trade name and trademarks at the Center.  It is also specifically denied that there is any requirement for the Defendants to be enjoined to do so as Defendants have completely ceased use of the AAMCO trade name and trademarks.  Strict proof thereof to the contrary will be demanded at the time of trial.

28.     Denied.  It is specifically denied that the Defendants are using the AAMCO trade name and trademarks.  It is also specifically denied that any conduct by the Defendants would greatly impair the value of the AAMCO trade name and trademarks including but not limited to Plaintiff ATI's reputation and goodwill.  Strict proof to the contrary will be demanded at the time of trial.

29.     Denied.  It is specifically denied that the Defendants have continued to fail and/or refuse to comply with the trademark and/or trade use obligations set forth in the Franchise Agreement.  It is also specifically denied that the Defendants conduct will cause ATI irreparable harm to its reputation and goodwill and/or that ATI will sustain substantial financial losses. Strict proof thereof to the contrary will be demanded at the time of trial.

30.     Denied.  Paragraph 30 of the Plaintiff's Complaint is a conclusion of law to which no response is required and therefore same is denied.  By way of further answer, none of Defendants' actions or conduct constitutes willful trademark infringement in violation of 15 U.S.C.A. Section 1125 as the Defendant has specifically ceased use of the Plaintiff's trademark and/or trade name.  Strict proof thereof to the contrary will be demanded at the time of trial.

31.     Denied.  Paragraph 30 of the Plaintiff's Complaint is a conclusion of law to which no response is required and therefore same is denied.  It is also specifically denied that the Defendants conduct willfully infringes upon Plaintiff's trademark or will cause ATI irreparable damages. Strict proof thereof to the contrary will be demanded at the time of trial.

32.      Denied.  Paragraph 32 of the Plaintiff's Complaint is a conclusion of law to which no response is required and therefore same is denied.  By way of further answer, it is specifically denied that ATI is entitled to injunctive relief to protect its rights under the Lanham Act.  To the contrary, Defendants have ceased use of any of the Plaintiff's trademarks and/or trade usage.  Strict proof thereof to the contrary will be demanded at the time of trial.

33.     Denied.  Paragraph 33 of the Plaintiff's Complaint is a conclusion of law to which no response is required and therefore same is denied.  By way of further answer, it is specifically denied that ATI is entitled to recover any of Defendants' profits from the center for the period since June 21, 2011.  It is specifically denied that the Defendants have infringed upon the Plaintiff's trademark and/or trade usage.  By way of still further answer, Defendants have ceased use of the Plaintiff's trademark and/or trade usage as of April 30, 2011.  Strict proof thereof to the contrary will be demanded at the time of trial.

**COUNT II**
**BREACH OF FRANCHISE AGREEMENT-SPECIFIC PERFORMANCE**

34.     No response required. Defendants hereby incorporate paragraphs 1-33 as though they were reiterated herein at length.

35     Denied.  Paragraph 35 of the Plaintiff's Complaint is a conclusion of law to which no response is required and therefore same is denied.  By way of further answer, Defendants have ceased use and/or reference to AAMCO trade name and trademark, surrendered and/or have available to surrender to ATI all items containing the AAMCO name and trademark, and the Defendants have transferred to ATI any and all telephone numbers listed under the AAMCO name.  Strict proof thereof to the contrary will be demanded at the time of trial.

36.     Denied.  Paragraph 36 of the Plaintiff's Complaint is a conclusion of law to which no response is required and therefore same is denied.

37.      Denied.  It is specifically denied that the Defendants' business and/or business operation since April 30, 2011 violate the alleged covenant not-to-compete.  It is also specifically denied that the Defendants are in violation of ATI's trademark rights.  Strict proof thereof to the contrary will be demanded at the time of trial.

38.     Denied.  Paragraph 38 of the Plaintiff's Complaint is a conclusion of law to which no response is required and therefore same is denied.  By way of further answer, it is specifically denied that the Defendants have misappropriated the AAMCO name causing ATI irreparable harm.  Strict proof thereof to the contrary will be demanded at the time of trial.

39.      Denied.  Paragraph 39 of the Plaintiff's Complaint is a conclusion of law to which no response is required and therefore same is denied.  By way of further answer, it is

specifically denied that the Defendants have failed to honor the procedures after termination as stated in Sections 19.2 and 20 of the Franchise Agreement.  It is further specifically denied that the Defendants have interfered with ATI's ability to develop the market, retain the goodwill, and re-establish the presence of AAMCO name in the subject matter market.  It is specifically denied that any action and/or conduct by the Defendants have caused ATI irreparable harm.  Strict proof thereof to the contrary will be demanded at the time of trial.

40.     Denied.  Paragraph 40 of the Plaintiff's Complaint is a conclusion of law to which no response is required and therefore same is denied.  By way of further answer, it is specifically denied that ATI has no adequate remedy at law for damages or is entitled to injunctive relief to restrain Defendants unlawful conduct and/or that ATI will continue to suffer irreparable harm.  Strict proof thereof to the contrary will be demanded at the time of trial.

### COUNT III
### COMMON LAW UNFAIR COMPETITION

41.     No response required. Defendants hereby incorporate paragraphs 1-40 as though they were reiterated herein at length.

42.     Denied.  Paragraph 42 of the Plaintiff's Complaint is a conclusion of law to which no response is required and therefore same is denied.

43.     Denied.  Paragraph 43 of the Plaintiff's Complaint is a conclusion of law to which no response is required and therefore same is denied.

44.     Denied.  Paragraph 44 of the Plaintiff's Complaint is a conclusion of law to which no response is required and therefore same is denied.

45.     Denied.  Paragraph 45 of the Plaintiff's Complaint is a conclusion of law to which no response is required and therefore same is denied.

## COUNT IV
## BREACH OF CONTRACT

46.      No response required. Defendants hereby incorporate paragraphs 1-45 as though they were reiterated herein at length.

47.     Denied.  Exhibit "A" is a document whose terms and conditions speak for itself and Defendants deny the Plaintiff's characterization thereof to the extent that it differs from the written document.

48.     Denied.  Exhibit "A" is a document whose terms and conditions speak for itself and Defendants deny the Plaintiff's characterization thereof to the extent that it differs from the written document.

49.     Denied.  Exhibit "A" is a document whose terms and conditions speak for itself and Defendants deny the Plaintiff's characterization thereof to the extent that it differs from the written document.

50.     Denied.  Exhibit "A" is a document whose terms and conditions speak for itself and Defendants deny the Plaintiff's characterization thereof to the extent that it differs from the written document.

51.     Denied.  Exhibit "A" is a document whose terms and conditions speak for itself and Defendants deny the Plaintiff's characterization thereof to the extent that it differs from the written document.  By way of further answer, it is specifically denied that the Defendants owe

the Plaintiff a balance of items due and owing totaling $2,789.45.  Strict proof thereof to the contrary will be demanded at the time of trial.

52.     Denied.  Paragraph 52 of the Plaintiff's Complaint is a conclusion of law to which no response is required and therefore same is denied.  By way of further answer, it is specifically denied that the Defendants are in default of the 2008 Note and the 2011 Note.  It is specifically denied that the Defendants owe the Plaintiff $48,220.41.  Strict proof thereof to the contrary will be demanded at the time of trial.

53.     Denied.  Defendants are without sufficient knowledge or information at this time to admit or deny the allegations of Paragraph 53 of the Plaintiff's Complaint and therefore denies same.

54.     Denied.  It is specifically denied that Defendants have failed and refused, and/or continues to fail and refuse, to pay the monies due and outstanding to ATI.  Strict proof thereof to the contrary will be demanded at the time of trial.

## COUNT V
## COSTS AND ATTORNEYS' FEES

55.     No response required. Defendants hereby incorporate paragraphs 1-54 as though they were reiterated herein at length.

56.      Denied.  Exhibit "A" is a document whose terms and conditions speak for itself and Defendants deny the Plaintiff's characterization thereof to the extent that it differs from the written document.

57.     Denied.  Paragraph 57 of the Plaintiff's Complaint is a conclusion of law to which no response is required and therefore same is denied.

58.     Denied.  Paragraph 58 of the Plaintiff's Complaint is a conclusion of law to which no response is required and therefore same is denied.

59.     Denied.  Defendants are without sufficient knowledge or information at this time to admit or deny the allegations of Paragraph 59 of the Plaintiff's Complaint and therefore denies same.

## COUNT VI
## DECLARATORY JUDGMENT

60.     No response required. Defendants hereby incorporate paragraphs 1-59 as though they were reiterated herein at length.

61.     Denied.  Paragraph 58 of the Plaintiff's Complaint is a conclusion of law to which no response is required and therefore same is denied.

62.     Admitted.

63.     Denied.  Paragraph 63 of the Plaintiff's Complaint is a conclusion of law to which no response is required and therefore same is denied.  By way of further answer, it is specifically denied that the Plaintiff obeyed all applicable laws and/or was compliant with the Franchise Agreement with respect to its obligations to Defendants pursuant to the Franchise Agreement. Strict proof thereof to the contrary will be demanded at the time of trial.

64.     Denied.   It is specifically denied that the Plaintiff has performed all of its obligations under the Franchise Agreement.  By way of further answer, it is specifically denied that the Plaintiff has not negligently or willfully caused any damage to Defendants.  To the contrary, the Plaintiff has caused damage to the Defendants in the nature of promoting and/or representing to the Defendants prior to the Defendants registering, purchasing, and/or entering

into the Franchise Agreement with the Plaintiff by its business model; ATI breached the Franchise Agreement by allowing another ATI franchise within ten (10) miles of one another; and by removing the Defendants from the Plaintiff's website and/or Center Locator.  The Plaintiff caused the Defendants damage in the nature of reduced customer traffic.  In addition, Plaintiff represented to the Defendants at the time of the Franchise Agreement that the Plaintiff would obtain and/or forward "fleet work" or "fleet accounts" to the Defendants.  Defendants never received any such fleet work" or "fleet accounts."   Strict proof thereof to the contrary will be demanded at the time of trial.

65.     Denied.  Paragraph 65 of the Plaintiff's Complaint is a conclusion of law to which no response is required and therefore same is denied.

66.     Denied.  Paragraph 66 of the Plaintiff's Complaint is a conclusion of law to which no response is required and therefore same is denied.

## RELIEF SOUGHT

WHEREFORE, Defendants, Frank Wirth and Auto Center, LLC, respectfully request that this Honorable Court find in their favor and against the Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

67.     Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

68.     At all relevant times hereto, Defendants complied fully with the requirements of the Franchise Agreement attached as Exhibit "A" to the Complaint.

## THIRD AFFIRMATIVE DEFENSE

69.     At all relevant times hereto, Defendants conducted themselves properly and in full compliance with all of their obligations pursuant to the requirements of the Franchise Agreement attached as Exhibit "A" to the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

70.     At all relevant times hereto, Defendants have never engaged in fraudulent, dishonest or deceptive practices at the Repair Center or anywhere else.

## FIFTH AFFIRMATIVE DEFENSE

71.     At all relevant times hereto, Defendants have dealt fairly and honestly with the customers the Repair Center.

## SIXTH AFFIRMATIVE DEFENSE

72.     At all relevant times hereto, Defendants conducted themselves properly and in full compliance with all applicable laws.

## SEVENTH AFFIRMATIVE DEFENSE

73.     At no time did the Defendants' acts or omissions cause any prejudice or harm to the Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

74.     Plaintiff has failed to mitigate any damages it allegedly has sustained.

## NINETH AFFIRMATIVE DEFENSE

75.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, acquiescence, laches and/or estoppels.

## TENTH AFFIRMATIVE DEFENSE

76.     Plaintiff's claims have failed to establish damages, including any likelihood of irreparable harm.

## ELEVENTH AFFIRMATIVE DEFENSE

77.     Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

78.     At no time did the Defendants in any way impair Plaintiff's rights under the Lanham Act or any other federal or state statute.

## THIRTEENTH AFFIRMATIVE DEFENSE

79.     At all relevant times hereto, Plaintiff has been in material breach of the Franchise Agreement attached as Exhibit "A" to the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

80.     At all relevant times hereto, Plaintiff has been in material breach of the Market Development Program.

**FIFTEENTH AFFIRMATIVE DEFENSE**

81.     At all relevant times hereto, Plaintiff has acted in bad faith and with unclean hands.

**SIXTEENTH AFFIRMATIVE DEFENSE**

82.     At all relevant times hereto, Plaintiff has been in material breach of Plaintiff's obligation to include theDefendants as an AAMCO Transmission Center on its website.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

83.     At all relevant times hereto, Plaintiff has been in material breach of Plaintiff's obligation not to place multiple ATI franchises within a ten (10) mile radius of one another.

WHEREFORE, Defendants, Frank Wirth and Auto Center, LLC, respectfully request that this Honorable Court find in their favor and against the Plaintiff.

**COUNTER CLAIM**

And now comes, Frank Wirth (hereinafter referred to as "Wirth") and Auto Center, LLC (hereinafter referred to as "Auto Center") (hereinafter collectively referred to as "Counter-Claim Plaintiffs"), by and through their undersigned counsel, Terence P. Ruf, Jr., Esquire   and respectfully files the following Counter-Claim against AAMCO Transmissions, Inc. (hereinafter referred to as "Counter-Claim Defendant" and/or "ATI") stating as follows:

84.     Counter-Claim Plaintiffs hereby incorporate paragraphs 1-83 as though they were reiterated herein at length.

85.     On or about February 6, 2008, ATI and Counter-Claim Plaintiffs entered into a Franchise Agreement, a purported copy of which has been attached to ATI's Complaint as Exhibit "A".

86.     Prior to entering into the Franchise Agreement, Counter-Claim Plaintiffs met or otherwise communicated with representative of ATI and reviewed documentation regarding the purchase of an ATI franchise.

87.     Through meeting and otherwise communicating with representatives of ATI and the documentation provided by ATI, ATI stated it had a "proven formula and system" (hereinafter will be referred to as "Business Model") for creating, developing and maintaining a successful ATI franchise.

88.     ATI representatives stated to Counter-Claim Plaintiffs prior to and subsequent to the entering into the Franchise Agreement that if this Business Model was followed, more profits would result for Counter-Claim Plaintiffs as a franchisee of ATI.

89.     ATI represented that its Business Model would maintain labor costs at 20% of gross receipts.

90.     ATI represented that its Business Model would maintain parts' costs at 20% of gross receipts.

91.     ATI represented that the above two cost containment provisions regarding labor and parts would allow Counter-Claim Plaintiffs to make a profit.

92.     Counter-Claim Plaintiffs relied upon ATI's representations regarding its Business Model in purchasing the franchise.

93.     Counter-Claim Plaintiffs continued to utilize ATI's Business Model for three and a half years after purchasing the franchise.

94.     Counter-Claim Plaintiffs believe and therefore aver that ATI's Business Model is ineffective with respect to this franchise concept.

95.     Prior to entering into the Franchise Agreement, ATI's representative and documentation support a franchise business involving general car repairs, remanufacturing transmissions, installing used transmissions and rebuilding transmissions.

96.     Counter-Claim Plaintiffs believe and therefore aver that ATI's Business Model is only effective with rebuilding transmissions.

97.     ATI's Business Model is ineffective and/or not profitable with respect to general automotive repairs, installing remanufactured transmissions, and/or installing used transmissions.

98.     Counter-Claim Plaintiffs believe and therefore aver that ATI knew or should have know their Business Model was ineffective with respect to this franchise concept.

99.     Counter-Claim Plaintiffs believe and therefore aver that ATI knew or should have know their Business Model was ineffective with respect to this franchise concept as it applied specifically to Counter-Claim Plaintiffs and their center location.


100.    Pursuant to the Franchise Agreement, Counter-Claim Plaintiffs were required to participate in a local "ad pool".

101.    Counter-Claim Plaintiffs believe and therefore aver that "an ad pool" is defined as follows:  Share local advertising expenses with the franchisees in the Designated Market Area (DMA).  See section 11.2(b) of Exhibit A to the Plaintiff ATI's Complaint.

102.    The "ad pool" consists of local television and print marketing and advertising between local area franchisees.

103.   The costs for the "ad pool" are divided equally among the franchisees in the DMA.

104.   Counter-Claim Plaintiffs were unable to pay the local "ad pool" for April 2011.

105.   Counter-Claim Plaintiffs suffered a lack of profitability in its franchise specifically relating to the deficiencies and ineffectiveness of the Business Model.

106.   As a result of Counter-Claim Plaintiffs' inability to pay the "ad pool" for April 2011, ATI without notice, warning, reasoning, and contrary to the Franchise Agreement removed Counter-Claim Plaintiffs from its internet website.

107.   As a result of Counter-Claim Plaintiffs' inability to pay the "ad pool" for April 2011, ATI without notice, warning, reasoning, and contrary to the Franchise Agreement removed Counter-Claim Plaintiffs from its Center Locator which allows customers to locate Counter-Claim Plaintiffs' address on the ATI national website.

108.   The removal by ATI of the Counter-Claim Plaintiffs from the website and Center Locator further reduced any income potential making it impossible to pay the local "ad pool" under the ATI Business Model.

## COUNT I
## BREACH OF FRANCHISE AGREEMENT

109.   Counter-Claim Plaintiffs hereby incorporate paragraphs 1-108 as though they were reiterated herein at length.

110.   ATI owed Counter-Claim Plaintiffs a duty to ensure it promoted the Counter-Claim Plaintiffs as an authorized AAMCO center under the Franchise Agreement.

111.   ATI breached the Franchise Agreement by removing Counter-Claim Plaintiffs from the national ATI website and Center Locator.

112.    As a result of ATI's breach, Counter-Claim Plaintiffs have suffered damages of approximately $300,000 in operating losses since February 2008, including but not limited to infusion of funds from Defendant Wirth just keep the business operational.

113.    Pursuant to the Franchise Agreement, no other franchise was to be an area of 10 miles within Counter-Claim Plaintiff's business location.

114.    Contrary to that provision, ATI specifically licensed two other franchisees within 10 miles of Counter-Claim Plaintiffs.  Franchise one named AAMCO of Harrisburg is within 4 miles.  Franchise two named AAMCO of Mechanicsburg is within 10 miles.

115.    Franchise X and franchise Y as referenced above are both owned by Hank Strong.

116.    ATI materially breached the Franchise Agreement with the Counter-Claim Plaintiffs by allowing Mr. Strong and/or the Defendants to operate ATI franchises within a ten mile radius of one another.

117.    ATI is liable to the Counter-Claim Plaintiffs for all harm caused by ATI's material breaches of the Franchise Agreement in the amount to be determined at trial.

WHEREFORE, Counter-Claim Plaintiffs Frank Wirth and Auto Center, LLC, respectfully request judgment in their favor and against Counter-Claim Defendant AAMCO Transmissions, Inc. in the amount to be determined at trial plus cost of suit and any other such and further relief this Court may deem proper.

## COUNT II
## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

118.    Counter-Claim Plaintiffs hereby incorporate paragraphs 1-117 as though they were reiterated herein at length.

119.    ATI is bound by the terms and conditions of the Franchise Agreement with the Counter-Claim Plaintiffs.

120.   As described more fully above, ATI is in breach of its obligations owed to Counter-Claim Plaintiffs under the Franchise Agreement, and therefore is in breach of Covenant of Good Faith and Fair Dealing under Pennsylvania law.

121   Prior to Counter-Claim Plaintiffs being removed from ATI's website and Center Locator, Counter-Claim Plaintiffs substantially complied with the Franchise Agreement in all respects.

122.   ATI terminated Counter-Claim Plaintiffs' franchise agreement without good cause.

123.   ATI allowed two or more AAMCO Franchises to operate within 10 miles of one another.

124.   Counter-Claim Plaintiffs believe and therefore aver that ATI favored those franchisees owned by Hank Strong and placed impediments to Counter-Claim Plaintiff business and treated Counter-Claim Plaintiff differently than Counter-Claim Plaintiffs.

125.   As a result of ATI's breach of good faith and failure to act with commercial reasonableness, Counter-Claim Plaintiffs have suffered and continued to suffer harm.

126.   ATI is liable to Counter-Claim Plaintiffs for all harm caused by ATI's breach in the amount to be determined at trial.

WHEREFORE, Counter-Claim Plaintiffs Frank Wirth and Auto Center, LLC, respectfully request judgment in their favor and against Counter-Claim Defendant AAMCO Transmissions, Inc. in the amount to be determined at trial plus cost of suit and any other such and further relief this Court may deem proper.

## COUNT III
## FRAUDULENT MISREPRESENTATION

127.    Counter-Claim Plaintiffs hereby incorporate paragraphs 1-126 as though they were reiterated herein at length.

128.    As more fully set forth above, ATI made certain representations regarding the profitability of its Business Model.

129.    Despite adhering to ATI's Business Model, the Counter-Claim Plaintiffs were never profitable.

130.    As a result, Counter-Claim Plaintiffs had to broaden its scope of services in order to remain operational.

131.    Counter-Claim Plaintiffs reasonably relied upon the representations of ATI regarding its Business Model which both induced the Counter-Claim Plaintiffs to enter into the Franchise Agreement and induced it to follow ATI's Business Model practices subsequent to the commencement of the business relationship in order to operate.

132.    The result of ATI's representation led to the Counter-Claim Plaintiffs to barely be operational and never delivered the profits ATI promised.

133.    ATI is liable to Counter-Claim Plaintiff for all harm caused by ATI's breach in the amount to be determined at trial.

WHEREFORE, Counter-Claim Plaintiffs Frank Wirth and Auto Center, LLC, respectfully request judgment in their favor and against Counter-Claim Defendant AAMCO Transmissions, Inc. in the amount to be determined at trial plus cost of suit and any other such and further relief this Court may deem proper.

LAW OFFICE OF TERENCE P. RUF, JR.


Date:   August 26, 2011                    //s ***Terence P. Ruf, Jr.***
                                           _____
                                           **TERENCE P. RUF, JR., ESQUIRE**
                                           **PA Attorney ID: 203070**

## CERTIFICATION OF SERVICE

I, Terence P. Ruf, Jr., hereby certify that, on the  26th  day of August, 2011, the foregoing Answer with Affirmative Defenses to Plaintiff's Complaint was served electronically to the following counsel and is available for viewing and downloading from the ECF system

### *Counsel for the Plaintiffs*

William B. Jameson, Esquire
AAMCO Transmissions, Inc.
201 Gibraltar Road
Horsham, PA 19044
E-Mail: wjameson@cottman.com

//s *Terence P. Ruf, Jr.*
_____
TERENCE P. RUF, JR. ESQUIRE